UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EUGENE WALTER BURNS,

                        Plaintiff,

     v.                                              **DECISION AND ORDER**
                                                                            06-CV-471S

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

     1.     Pro Se Plaintiff Eugene Walter Burns challenges an Administrative Law Judge's ("ALJ") decision, dated April 6, 2006, wherein the ALJ determined that Plaintiff is not disabled within the meaning of the Social Security Act. Plaintiff alleges that he has been disabled due to back pain since January 1, 2002, and is therefore entitled to benefits.

     2.     On February 5, 2007, Defendant filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). The parties thereafter submitted response and reply papers, after which this Court took the matter under advisement. For the reasons that follow, Defendant's motion is granted.

     3.     A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Secretary of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), cert. denied, 459 U.S. 1212 (1983).

4.      Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Secretary of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.      This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly

limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983).

9. In this case, the ALJ found that (1) Plaintiff had not engaged in substantial gainful activity during the relevant time period (R. at 14);[1] (2) Plaintiff's lower back pain constitutes a "severe" impairment for purposes of his Title XVI application for supplemental social security benefits, but there is no evidence of a severe impairment or combination of

---

[1] Citations to the underlying administrative record will be designated as "R."

impairments during the relevant time period for purposes of his Title II application for disability insurance benefits (R. at 14); (3) Plaintiff's impairment does not meet or equal the medical criteria for the Listed Impairments (R. at 15); (4) Plaintiff has the residual functional capacity for light work (R. at 15-18); (5) Plaintiff is able to perform his past relevant work as an engraver (R. at 19); (6) considering Plaintiff's residual functional capacity, age, education, and work experience, jobs exist at the national level that he can perform, and therefore, Plaintiff is not disabled (R. at 19-20).

10.     Plaintiff filed a submission in response to Defendant's motion that does not address Defendant's arguments or identify errors in the ALJ's decision.  Rather, Plaintiff advises that his medical condition has degenerated to the point of constant back pain and an inability to stand erect.  He explains that he has been diagnosed with sciatica, disc compression, and a herniated disc.  He also advises that he has recently undergone MRI and CT scans.

11.     It is apparent from Plaintiff's response that he wants this Court to consider his deteriorating condition and new evidence in determining whether he is entitled to benefits.  But it is well settled that a district court's review of the Commissioner's decision to deny benefits is generally limited to an examination of whether the decision is supported by substantial evidence in the record.  See Berry, 675 F.2d at 467.  In making that determination, this Court cannot consider additional evidence, particularly when such evidence was not part of the administrative proceeding below and falls outside of the relevant time period.  See 42 U.S.C. § 405(g).  Therefore, it would be improper for this Court to consider Plaintiff's current medical condition or the new evidence he mentions in his response.

12. But interpreting Plaintiff's response to raise the strongest argument it suggests, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994), this Court will treat Plaintiff's response as a request for a remand for consideration of new evidence.  Although this Court has the authority to remand these types of cases to the Commissioner, it may only do so "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See 42 U.S.C. § 405(g).

13. Upon review of Plaintiff's submission, this Court finds no cause to remand this case.  The ALJ's decision is limited to the period from January 1, 2002 (Plaintiff's alleged disability onset date) through April 6, 2006 (the date of the ALJ's decision).  The "new evidence" raised by Plaintiff post-dates this time period, and is therefore not relevant.

14. Further, after carefully examining the ALJ's decision and the administrative record as a whole, this Court finds that substantial evidence supports the ALJ's decision.  The ALJ's decision reflects a thorough examination of the medical evidence of record (R. at 15-18).  The ALJ specifically discussed the medical evidence from Sisters of Charity Hospital (R. at 16), and the opinions from Drs. Hongyu and Holland (R. at 16-17).  He considered this evidence, along with other evidence in the record, in reaching his determination that Plaintiff was not disabled.

15. Accordingly, for the foregoing reasons, this Court finds that the ALJ's decision is supported by substantial evidence.  See Berry, 675 F.2d at 468 (an ALJ's decision should be upheld so long as the court can fathom the ALJ's rationale in relation to the

evidence in the record). Defendant's Motion for Judgment on the Pleadings is therefore granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated: September 16, 2007
       Buffalo, New York

                                               /s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                               United States District Judge